[883 NYS2d 538]

In the Matter of JOHN P. OLIVER (Admitted as JOHN PATRICK OLIVER), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 30, 2009

**APPEARANCES OF COUNSEL**

*Rita E. Adler*, Hauppauge (*Robert A. Green* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By decision and order on motion of this Court dated November 7, 2007, the respondent was suspended from the practice of law pursuant to 22 NYCRR 691.4 (l) (1) (iii) upon a prima facie finding that he was guilty of professional misconduct immediately threatening the public interest based upon uncontroverted evidence which established that he failed to maintain client funds in his escrow account, converted client funds, and engaged in conduct involving dishonesty, fraud and deceit.

The Grievance Committee for the Tenth Judicial District now moves for an order striking the respondent's name from the roll of attorneys and counselors-at-law on the ground that he has been disbarred based on his conviction of grand larceny in the second degree, pursuant to Penal Law § 155.40, a class C felony, and scheme to defraud in the first degree, pursuant to Penal Law § 190.65, a class E felony, in the County Court, Suffolk County.

On May 1, 2008, the respondent entered a plea of guilty to one count of grand larceny in the second degree and one count of scheme to defraud in the first degree before the Honorable C. Randall Hinrichs in the County Court, Suffolk County. The respondent admitted that: between December 14, 2006 and April 23, 2007, he took approximately $100,000 from Stanley Klasek and Alisa Klasek without their permission or authority; between February 15, 2007 and March 2, 2007, he took approximately $107,000 from Ann Durr and Wade Durr with regard to a real estate transaction without their permission or authority; between August 1, 2005 and April 11, 2007, he took $60,000 from Steven Carlo without his permission or authority; between October 21, 2005 and June 18, 2007, he took $3,500 from Barbara Amoretty without her permission or authority; between April 18, 2007 and June 25, 2007, he took approximately $48,000 from Marcus Tarjan without his permission or authority; between March 6, 2007 and May 21, 2007, he took approximately $35,000 from Janet Borkowski without her permission or authority; between January 10, 2005 and October 10, 2007, he took approximately $7,000 from John Schaedel, Jr. without his permission or authority; between May 16, 2006 and October 24, 2007, he took approximately $3,176 from Fred Bryant without his permission or authority; and between June 1, 2007 and October 29, 2007, he took approximately $2,000 from Roseanne Campbell and Lisa Ragonese without their permission or authority.

The respondent conceded that he took all of this money while acting in his capacity as a legal advisor and duly licensed attorney in New York State. He acknowledged that he had no

right to those funds superior to that of any prior owners. Rather, he acknowledged that he took those funds as a result of a systematic scheme to defraud more than one person by false or fraudulent pretenses, and obtained United States currency in excess of $50,000.

On August 8, 2008, the respondent was sentenced to an indeterminate term of imprisonment of 1 to 3 years and was ordered to pay restitution in the total sum of $491,676.

Pursuant to Judiciary Law § 90 (4), an attorney is automatically disbarred upon his conviction of a New York felony. Having ceased to be an attorney upon his conviction, the Grievance Committee's motion to strike his name from the roll of attorneys and counselors-at-law is granted and the respondent's name is stricken from the roll of attorneys and counselors-at-law based on his disbarment, effective May 1, 2008.

MASTRO, J.P., RIVERA, SPOLZINO, SKELOS and FISHER, JJ., concur.

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, John P. Oliver, admitted as John Patrick Oliver, is disbarred, effective May 1, 2008, and his name is now stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b); and it is further,

Ordered that the respondent, John P. Oliver, admitted as John Patrick Oliver, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, John P. Oliver, admitted as John Patrick Oliver, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and its is further,

Ordered that if the respondent, John P. Oliver, admitted as John Patrick Oliver, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).